**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>The Fargo Brewing Company, LLC,<br><br>Debtor. | Case No.: 24-30152<br><br>Chapter 11, Subchapter V |

## MOTION FOR LEAVE TO PAY CLAIMS OF CRITICAL VENDORS

The Fargo Brewing Company, LLC, as debtor in possession ("**Debtor**") in the above-captioned Chapter 11, Subchapter V case submits this Motion (this "**Motion**"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order (the "**Order**") in substantially the form as <u>**Exhibit B**</u> attached authorizing the Debtor to pay the pre-petition claims of critical vendors. The facts and circumstances supporting this Motion are set forth in the Declaration of Jared Hardy in Support of Chapter 11, Subchapter V Petition and First Day Motions (the "**First Day Declaration**"), which was filed contemporaneously herewith and is incorporated herein by reference. In further support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Rule 5005 of the Bankruptcy Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtor's Chapter 11, Subchapter V case is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The petition commencing this Chapter 11, Subchapter V case was filed on April 15, 2024 (the "**Petition Date**"). The case is currently pending in this Court.

2. The statutory and other bases for the relief requested in this Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6003, 6004 and 9014.

## BACKGROUND INFORMATION

3. On the Petition Date, the Debtor commenced a voluntary case under Chapter 11, Subchapter V of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its property as debtor in possession pursuant to Section 1183 of the Bankruptcy Code. To date, no trustee or examiner has been appointed in this Subchapter V case. Additional factual background relating to the Debtor's business, capital structure, and the commencement of this Subchapter V case is set forth in detail in the First Day Declaration.

4. Debtor brews and sells specialty craft beers. Debtor's sales of beer consist of: a) retail sales from its brewery located at 610 N. University Drive, Fargo, North Dakota and at various live events, and b) wholesale sales for distribution. Without the raw materials to brew and package the beer, Debtor would not be able to continue operating. Debtor has determined in its business judgment that it would be beneficial to the bankruptcy estate and necessary for its restructuring efforts to pay the ordinary course pre-petition obligations owed to vendors that provide the raw materials needed to produce Debtor's specialty craft beer.

## RELIEF REQUESTED

5. Pursuant to 11 U.S.C. §§ 105 and 363(b)(1) and Fed. R. Bankr. P. 6003 and 6004:  (i) enter the Order, substantially in the form attached hereto as **Exhibit B** that permits but not directs the Debtor to pay the prepetition claims of Critical Vendors identified on **Exhibit A**, and (ii) grant such other and further relief as is just and proper.

**BASIS FOR RELIEF REQUESTED**

6. The Bankruptcy Code permits a debtor, "after notice and a hearing," to use or sell "property of the estate," outside the ordinary course of business. 11 U.S.C. § 363(b)(1). Accordingly, the Bankruptcy Court has broad authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

7. The Federal Rule of Bankruptcy Procedure openly contemplate relief, such as that sought herein, being afforded on an emergency basis upon the commencement of a case, permitting orders to be entered during the first 21 days of a given case, "to the extent that relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003.

8. The Debtor cannot function without the raw materials necessary to brew and package the beer it sells. While there is currently some inventory on hand, such will quickly dissipate, especially as summer begins which is Debtor's busiest time. Accordingly, the vendors identified on **Exhibit A** (hereinafter the "**Critical Vendors**") must continue to provide goods to Debtor to allow it to operate.

9. As observed by the United States Bankruptcy Court for the Southern District of New York, a debtor is permitted to expend funds outside the ordinary course of business, provided such be pegged to some articulable business justification:

> A bankruptcy court is empowered pursuant to § 363 of the Bankruptcy Code to authorize a debtor to expend funds in the bankruptcy court's discretion outside the ordinary course of business. Section 363(b) gives the court broad flexibility in tailoring its orders to meet a wide variety of circumstances. However, the debtor must articulate some business justification, other than mere appeasement of major creditors, for using, selling or leasing property out of the ordinary course of business, before the court may permit such disposition under § 363(b).

3

*In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (citing *In re Lionel Corp.*, 722 F.2d 1063, 1069 (2d Cir.1983); *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir.1986); *In re Baldwin–United Corp.*, 43 B.R. 888, 905–906 (Bankr. S.D. Ohio 1984)).

10. The Supreme Court of the United States has spoken, generally, to the rationale underlying the entry of critical vendor orders in connection with first day motions practice:

> Courts, for example, have approved "first-day" wage orders that allow payment of employees' prepetition wages, "critical vendor" orders that allow payment of essential suppliers' prepetition invoices, and "roll-ups" that allow lenders who continue financing the debtor to be paid first on their prepetition claims. In doing so, these courts have usually found that the distributions at issue would "enable a successful reorganization and make even the disfavored creditors better off."

*Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 468 (2017) (citing *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 574 n. 8 (3rd Cir. 2003); D. Baird, Elements of Bankruptcy 232–234 (6th ed. 2014); Roe & Tung, Breaking Bankruptcy Priority: How Rent–Seeking Upends the Creditors' Bargain, 99 Va. L. Rev. 1235, 1250–1264 (2013); quoting *In re Kmart Corp.*, 359 F.3d 866, 872 (7th Cir. 2004); citing *Toibb v. Radloff*, 501 U.S. 157, 163–164 (1991)).

11. Here, the Debtor owes a total of $63,273.36 owing to its Critical Vendors.

12. Due to prior issues with payment to vendors, the Debtor has been primarily operating under a cash-on-delivery basis with most of its vendors. The Debtor is concerned that the Critical Vendors identified on **Exhibit A** will not continue to provide goods to Debtor if they are not paid for prior amounts that remain owing. However, if any of the Critical Vendors are willing to make ongoing deliveries without payment of its prepetition claim,

4

Debtor will forbear from making such payments and use the funds otherwise payable to Critical Vendors to accumulate a small cash reserve during the pendency of this case.

13. Paying these obligations will permit the Debtor to continue operating in Chapter 11, Subchapter V without risking a disruption of critical raw materials and supplies necessary to brew and sell its specialty craft beer. In Debtor's business judgment, payment of prepetition amounts owing to Critical Vendors is beneficial to the bankruptcy estate and necessary for Debtor's restructuring efforts.

## RESERVATION OF RIGHTS

14. Except as otherwise set forth herein or in the Order, nothing contained herein is intended or should be construed as: (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's right to dispute any claim; (iii) an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (iv) a promise or requirement to pay any prepetition claim; (v) an implication or admission that any particular claim is of a type specified or defined in this Motion; (vi) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (vii) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

## IMMEDIATE RELIEF IS WARRANTED UNDER BANKRUPTCY RULE 6003

15. Bankruptcy Rule 6003 empowers the Court to grant relief within the first twenty-one (21) days after the petition date "to the extent that relief is necessary to avoid immediate or irreparable harm." Fed. R. Bankr. P. 6003.

5

16. For the reasons discussed above, entry of the Order authorizing the Debtor to pay the Critical Vendors up to the amounts set forth in **Exhibit A** and granting the other relief requested herein is necessary to avoid a severe disruption in the Debtor's operations at this critical juncture and maximize the value of the Debtor's estate for the benefit of all stakeholders. Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

**WAIVER OF STAY AND RELATED REQUIREMENTS UNDER BANKRUPTCY RULES 6004(A) AND 6004(H)**

17. In addition, by this Motion, the Debtor seeks a waiver of any stay of the effectiveness of the order approving this Motion under Bankruptcy Rule 6004(h). Bankruptcy Rule 6004(h) provides "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As described above, the immediate need to pay Critical Vendors up to the amounts set forth in **Exhibit A** is essential to support continuing business operations and prevent irreparable damage to the Debtor's estate. Accordingly, ample cause exists to justify the waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h).

**NOTICE**

18. Notice of this Motion will be given to (i) the U. S. Trustee; (ii) First Western Bank & Trust and the United States Small Business Administration; (iii) holders of the twenty (20) largest unsecured claims; and (iv) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtor will serve

copies of this Motion and any order entered in respect to this Motion. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

19.     The Debtor hereby gives notice that it may, if necessary, call Jared Hardy, to testify about the factual matters raised in this Motion.

## CONCLUSION

20.     WHEREFORE, the Debtor respectfully requests that the Court (i) enter the Order, substantially in the form attached hereto as **Exhibit B** that permits but not directs the Debtor to pay the prepetition claims of Critical Vendors, and (ii) grant such other and further relief as is just and proper.

Dated this 15th day of April, 2024.

**VOGEL LAW FIRM**

BY: */s/ Caren W. Stanley*
Caren W. Stanley (#06100)
cstanley@vogellaw.com
Drew J. Hushka (#08230)
dhushka@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone:  701.237.6983
*PROPOSED ATTORNEYS FOR DEBTOR*

5381057.1

# EXHIBIT A

## (Critical Vendors)

| Vendor | Amount | Notes |
|---|---|---|
| Country Malt-Mid Country | $18,393.09 | Vendor provides raw materials (grain and hops) that cannot be easily sourced elsewhere and Debtor believes it creates superior product. |
| Forum Communications Printing | $728.92 | Vendor provides labels for paper keg collars. Switching vendors would require new plates/dies and rounds of proofing to ensure colors and size match. |
| Great Western Malting Co | $22,269.03 | Vendor provides raw materials (grain) that cannot be easily sourced elsewhere and Debtor believes it creates superior product. |
| Northern Plains Label | $19,428.63 | Vendor provides labels for beer cans. Switching vendors would require new plates and rounds of proofing to ensure colors and size match. |
| Scott Laboratories | $2,453.69 | Vendor provides raw material (proprietary souring yeast) unique for producing Debtor's beers. New vendor wouldn't allow Debtor to match the beer profile. |
| **Total:** | **$63,273.36** | |

# **EXHIBIT B**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>The Fargo Brewing Company, LLC,<br><br>Debtor. | Case No.: 24-30152<br><br>Chapter 11, Subchapter V |

**ORDER AUTHORIZING THE DEBTOR TO PAY CRITICAL VENDORS**

Debtor filed a Motion to Pay Critical Vendors (the "**Motion**"), pursuant to sections 105 and 363 of the Bankruptcy Code, and Rules 2002, 6003, 6004, and 9014, seeking entry of an order to pay critical vendors. Appearances were as noted on the record.

Notice of the hearing on the Motion (the "**Hearing**") having been given in the manner set forth in the Motion; and the Hearing having been held by this Court on April 18, 2024; and upon the record made by the Debtor at the Hearing; and upon the Declaration of Jared Hardy; and this Court having heard and resolved or overruled all pending objections, if any, to the relief requested in the Motion; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; is critical to the continued operation of Debtor's business; that disfavored creditors would be as well off with reorganization as with liquidation; that paying the prepetition vendor claims is necessary to avoid immediate and irreparable harm; and after due deliberation and consideration and sufficient cause appearing therefor; and for the reasons stated as the Hearing,

**IT IS ORDERED:**

1. <u>Motion Granted</u>.  The Motion is granted, subject to the terms and conditions set forth in this Order.

2. <u>Objections Overruled</u>. Any objections to the Motion with respect to the entry of this Order that have not been withdrawn, waived or resolved at the hearing, and (except as set forth herein) all reservations of rights included therein, are hereby denied and overruled.

3. <u>Authorization to Pay Critical Vendors</u>. Subject to the terms and conditions of this Order, the Debtor is authorized but not required to pay the Critical Vendors identified on **Exhibit A** to the Motion up to the amounts identified therein.

4. <u>Effective Immediately</u>. Pursuant to Fed. R. Bankr. P. 6004(h) and in order to avoid immediate and irreparable harm, this order is effective immediately.

Dated this _____ day of April, 2024.

_____
SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| In Re: | Case No.: 24-30152 |
|---|---|
| The Fargo Brewing Company, LLC, Debtor. | Chapter 11, Subchapter V |

## CERTIFICATE OF SERVICE

| STATE OF NORTH DAKOTA | ) | |
|---|---|---|
| | ) | SS |
| COUNTY OF CASS | ) | |

Jill M. Nona, being first duly sworn, does depose and say: she is a resident of Fargo, North Dakota, of legal age and not a party to or interested in the above-entitled matter.

On April 15, 2024, affiant caused the following document(s):

**MOTION FOR LEAVE TO PAY CLAIMS OF CRITICAL VENDORS**

to be served by United States postal mail on:

| **Debtor** | The Fargo Brewing Company, LLC ATTN: Jared Hardy | 610 N University Dr #104 Fargo, ND 58102 |
|---|---|---|
| **Attorneys for Debtor** | Caren W. Stanley | cstanley@vogellaw.com |
| | Drew Hushka | dhushka@vogellaw.com |
| **U.S. Trustee** | Office of the U.S. Trustee Region 12 | 300 South Fourth St., Suite 1015 Minneapolis, MN 55415 |
| **U.S. Small Business Administration** | U. S. Small Business Administration | 10737 Gateway West, #300 El Paso, TX 79935 |
| **Attorneys for U.S. Small Business Administration** | John Baker, District Counsel | SBA Denver Colorado District Office 721 19th Street, #426 Denver, CO. 80202 |

|  | Kent Rockstad | U.S. Attorney's Office<br>655 First Avenue No., Suite 250<br>Fargo, ND 58102-4932 |
|---|---|---|
| **First Western Bank & Trust** | First Western Bank & Trust | 825 26th Ave East<br>West Fargo, ND 58078 |
| **Attorneys for First Western Bank & Trust** | Richard P. Olson | Olson and Burns, P.C.<br>PO Box 1180<br>Minot, ND 58702-1180 |
| **Remainder of 20 Largest Unsecured Creditors** | Class B Development, LLC | 3155 Bluestem Dr, Unit #204<br>West Fargo, ND 58078 |
|  | Jade Presents | 302 N University Dr<br>Fargo, ND 58102 |
|  | North Dakota Office of State Tax Commissioners | 600 E Boulevard Ave, Dept 127<br>Bismarck, ND 58505-0552 |
|  | Berlin Packaging | PO Box 74007164<br>Chicago, IL 60674-7164 |
|  | Elan Financial Services | P.O. Box 6335<br>Fargo, ND 58125-6335 |
|  | Great Western Malting Co | PO Box 51602<br>Los Angeles, CA 90051-5902 |
|  | Northern Plains Label | 16 16th St S.<br>PO Box 9495<br>Fargo, ND 58106-9495 |
|  | Country Malt-Mid Country | PO Box 51602<br>Los Angeles, CA 90051-5902 |
|  | Indie Hops | 1705 NW Harborside Dr<br>Vancouver, WA 98660 |
|  | American Express | PO Box 981535<br>El Paso, TX 79998-1535 |
|  | Eide Bailey | 4321 20th Ave. So.<br>Fargo, ND 58103 |
|  | Brave Creative Studio | 3732 Burritt St S<br>Fargo, ND 58104 |
|  | Heartland Trust Company | 1202 27th St S<br>PO Box 9135<br>Fargo, ND 58106-9135 |
|  | West Rock | 4637 16th Ave N<br>Fargo, ND 58102 |
|  | EMC Insurance Companies | PO Box 712<br>Des Moines, IA 50306-0712 |

2

|  | Scott Laboratories | 1480 Cedar Lane<br>Petaluma, CA  94954 |
|---|---|---|
| **Critical Vendors** | Country Malt-Mid Country | PO Box 51602<br>Los Angeles, CA  90051-5902 |
|  | Forum Communications Printing | 4601 16th Ave. N.<br>Fargo, ND  58102 |
|  | Great Western Malting Co | PO Box 51602<br>Los Angeles, CA  90051-5902 |
|  | Northern Plains Label | 16 16th St S.<br>PO Box 9495<br>Fargo, ND  58106-9495 |
|  | Scott Laboratories | 1480 Cedar Lane<br>Petaluma, CA  94954 |

*/s/ Jill Nona*
Jill Nona

Subscribed and sworn to before me this 15th day of April, 2024.

*/s/ Sonie Thompson*
(SEAL)         Notary Public, Cass County, North Dakota

5395446.1

3