**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>The Fargo Brewing Company, LLC[1],<br><br>Debtor. | Case No.: 24-30152<br><br>Chapter 11, Subchapter V |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF VOGEL LAW FIRM AS COUNSEL FOR THE DEBTOR-IN-POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtor-in-possession (the "**Debtor**") files this application (this "**Application**") for the entry of an order (the "**Order** authorizing the Debtor to retain and employ the Vogel Law Firm, Ltd. of Fargo, North Dakota ("**Vogel**") as counsel to the Debtor effective *nunc pro tunc* to the Petition Date (as defined herein). In support of this Application, the Debtor submits the affidavit of Caren W. Stanley, a partner at Vogel ("**Stanley Affidavit**"), which is attached hereto as **Exhibit A**. In further support of this Application, the Debtor respectfully states as follows.

**JURISDICTION AND VENUE**

1. The United State Bankruptcy Court for the District of North Dakota (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6021. The Debtor's business premises are located at 610 N. University Dr. # 104, Fargo, ND 58102.

3. The statutory bases for the relief requested herein are sections 327(a), 328(a), and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4. On the date hereof (the "**Petition Date**"), the Debtor commenced a voluntary case under Chapter 11, Subchapter V of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to section 1184 of the Bankruptcy Code.

5. Additional factual background relating to the Debtor's business, capital structure and the commencement of this Chapter 11, Subchapter V Case is set forth in detail in the *Declaration of Jared Hardy in Support of Chapter 11, Subchapter V Petition and First Day Motions* (the "**First Day Declaration**") concurrently filed herewith.

## RELIEF REQUESTED

6. By this Application, the Debtor seeks the entry of the Order authorizing the retention and employment of Vogel as counsel to the Debtor in this Chapter 11, Subchapter V case.

## VOGEL'S QUALIFICATIONS

7. The Debtor seeks to retain Vogel because of Vogel's expertise and extensive experience and knowledge in the field of debtors' protections, creditors' rights, and business reorganizations under Chapter 11 of the Bankruptcy Code.

8. In preparing for representation of the Debtor in the above-captioned Subchapter V case, Vogel has become familiar with the Debtor's business and many of the potential legal

2

issues that may arise in the context of this Subchapter V case. The Debtor believes that Vogel is well-qualified and uniquely able to represent the Debtor in this Subchapter V case in an efficient and timely manner.

## **SERVICES TO BE PROVIDED**

9. Subject to further order of the Court, the Debtor requests the retention and employment of Vogel to render the following legal services, among others, as directed by the Debtor:

    a.    Providing legal advice regarding local rules, practices, precedent and procedures and providing substantive and strategic advice on how to accomplish the Debtor's goals in connection with the prosecution of this case;

    b.    Appearing in Court for scheduled hearings, at any meeting with the U.S. Trustee and/or Subchapter V Trustee, and any meeting of creditors at any given time on behalf of the Debtor as its counsel;

    c.    Attending meetings and negotiating with representatives of creditors and other parties in interest;

    d.    Negotiating, drafting, reviewing, commenting and/or preparing agreements, pleadings, documents and discovery materials to be filed with the Court as counsel to the Debtor and/or served on parties or third parties in this Subchapter V case, including, among other things, First Day Motions and related agreements, Subchapter V plan and related documents;

    e.    Advise and assist the Debtor with respect to the reporting requirements of the United States Trustee and/or Subchapter V Trustee;

    f.    Taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation, sale proceedings, in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

    g.    Performing various services in connection with the administration of these cases, including, without limitation, (i) notices of fee applications and hearings and agendas, (ii) monitoring the docket for filings and

       pending matters that need responses, (iii) monitor pending applications, motions, hearing dates and other matters and the deadlines associated with the same, (iv) generally prepare and/or assist in preparation, and file on behalf of the Debtor all necessary motions, notices, applications, answers, orders, reports and papers in support of positions taken by the Debtor, and (v) handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of this Subchapter V case and any necessary responses; and

    h.    Performing all other services assigned by the Debtor, as counsel to the Debtor.

## PROFESSIONAL COMPENSATION

10.    Vogel intends to apply for compensation for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this Subchapter V case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Vogel will use in this Subchapter V case are the same as the hourly rates and corresponding rate structure that Vogel uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.

11.    In consideration of the fact this Subchapter V case is intended to move forward on an expedited basis, the Debtor and its proposed counsel respectfully request the Court allow for the filing of fee applications every 60-days.

12.    Vogel's current hourly rates range as follows:

| Billing Category | Range of Hourly Rates |
|---|---|
| Partners | $400 |

4

| Associates | Variable – $200-$390 depending on experience |
|---|---|
| Paralegals | $170-$180 |

13.     Vogel's hourly rates are set at a level designed to compensate Vogel fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned.

14.     Vogel represented the Debtor during the month prior to the Petition Date, using the hourly rates listed above. Moreover, these hourly rates are consistent with the rates that Vogel charges its clients on other matters.

15.     It is Vogel's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also Vogel's policy to charge its clients only the amount actually incurred by Vogel in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

16.     Vogel currently charges the Debtor $0.10 per page for standard copying costs. Vogel will charge no more than $0.10 per page for standard copying costs in this Subchapter V case.

**COMPENSATION RECEIVED BY VOGEL FROM THE DEBTOR**

17.     The Debtor has provided retainer funds of $25,000 to Vogel (paid by individual members and not the Debtor) which have been deposited in Vogel's Trust Account and applied

5

to pre-petition legal services rendered and expenses advanced on the Debtor's behalf by Vogel. Available retainer funds in the approximate amount of $1,725.00 remain as of the Petition Date.

18. Pursuant to Bankruptcy Rule 2016(b), Vogel has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the principal and regular employees of Vogel; or (b) any compensation another person or party has received or may receive. As of the Petition Date, the Debtor did not owe Vogel for any amounts for legal services rendered before the Petition Date.

### **VOGEL'S DISINTERESTEDNESS**

19. To the best of the Debtor's knowledge and as disclosed herein and in the Stanley Affidavit, (a) Vogel is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and (b) Vogel has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed in the Stanley Affidavit.

20. Vogel will review its files periodically during the pendency of this Subchapter V case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new or relevant facts or relationships are discovered or arise, Vogel will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## SUPPORTING AUTHORITY

21. The Debtor seeks retention of Vogel as counsel to the Debtor pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. Section 327(a) provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

22. Section 328(a) provides that a debtor, subject to Court approval, "may employ . . . a professional person . . . on any reasonable terms and conditions of employment . . . ." *Id.* § 328(a). Bankruptcy Rule 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed.R.Bankr.P. 2014(a).

23. The Debtor submits that for all the reasons stated above and in the Stanley Affidavit, the retention and employment of Vogel as counsel to the Debtor is warranted. Further, as stated in the Stanley Affidavit, Vogel is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed in the Stanley Affidavit.

## NOTICE

24. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the District of North Dakota; (ii) First Western Bank and the United States Small Business Administration; (iii) holders of the twenty (20) largest unsecured claims; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. Debtor submits, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

25. WHEREFORE, the Debtor respectfully requests that the Court enter an Order, granting the relief requested herein and granting such other relief as is just and proper.

Dated this 15th[h] day of April, 2024.

**VOGEL LAW FIRM**

BY: */s/ Caren W. Stanley*
Caren W. Stanley (#06100)
cstanley@vogellaw.com
Drew J. Hushka (#08230)
dhushka@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
Telephone: 701.237.6983
*PROPOSED COUNSEL TO DEBTOR IN POSSESSION*

8

# **Exhibit A**

**(Affidavit of Caren Stanley)**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>The Fargo Brewing Company, LLC,<br><br>Debtor. | Case No.: 24-30152<br><br>Chapter 11, Subchapter V |

**AFFIDAVIT OF CAREN STANLEY IN SUPPORT OF THE DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF VOGEL LAW FIRM AS COUNSEL FOR THE DEBTOR-IN-POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

STATE OF NORTH DAKOTA   )
                        )   SS
COUNTY OF CASS          )

I, Caren Stanley, being duly sworn, state the following under penalty of perjury:

1. I am an attorney, duly admitted to practice in the State of North Dakota, the United States District Court for the District of North Dakota and the Eighth Circuit Court of Appeals. I am an active member of the federal bar of the United States District Court for the District of North Dakota. I am a shareholder in the Vogel Law Firm ("**Vogel**")[1].

2. I submit this Affidavit (the "**Stanley Affidavit**") in support of the *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Vogel Law Firm as Counsel for the Debtor-in-Possession Effective* Nunc Pro Tunc *to the Petition Date* (the "**Application**"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

3. At the time of its retention, Vogel was provided by the Debtor with a list of potential parties in interest. Vogel's staff has run the names on the list through its database of current and former clients and other relevant parties. I personally reviewed any matches that occurred and determined that none of the matches were for current clients, with the exception of the following:

    a. First Western Bank & Trust – Vogel Law Firm attorney KrisAnn Norby-Jahner periodically represents First Western Bank & Trust with respect to general employment law matters including handbook policies, termination decisions, etc. Ms. Norby-Jahner has never had any involvement with the Debtor or with respect to its loans with First Western Bank & Trust. It is believed that First Western Bank will be identified as an unsecured creditor.

    b. Forum Communications Co. – Vogel Law Firm has represented the Forum regularly for many years with respect employment matters, defamation and First Amendment issues, general business matters, etc. None of the attorneys for Vogel have represented Forum Communications Co with respect to any matters involving the Debtor. It is believed that Forum Communications Co. will be identified as an unsecured creditor.

    c. Sanford Health Plan – Vogel attorney Rob Manly is currently representing Sanford Health Plan with respect to a claim denial of medical services matter. None of the attorneys for Vogel have represented Sanford Health Plan with respect to any matters involving

2

     the Debtor. It is believed that Sanford Health Plan will have an administrative claim and/or possibly an unsecured claim in this bankruptcy case.

   d. Jade Presents, LLC – Vogel attorney Tami Norgard is presently representing Jade Presents, LLC on a sound permitting matter with the City of Fargo with respect to outdoor concerts. Ms. Norgard has advised the matter is almost concluded. None of the attorneys for Vogel have represented Jade Presents, LLC with respect to any matters involving the Debtor. It is believed that Jade Presents, LLC will be identified as an unsecured creditor.

 4. To the best of my knowledge, neither Vogel nor any of its shareholders have any connection with any party holding a claim or other interest adverse to the Debtor or hold any interest adverse to the Debtor in matters upon which we are to be engaged, with the exception of the following:

  A. Former Vogel partner and attorney Steven Johnson, primarily retired but still of-counsel to a few long-standing clients of Vogel, has been a member of the Board of Directors for the Debtor since June 3, 2023. Mr. Johnson has never received compensation for being a member of the Board of Directors. It is not believed that Mr. Johnson's membership on the Board of Directors is adverse to the Debtor, but is identified herein in the interests of full disclosure.

  B. Chamber of Commerce for Fargo-Moorhead and West Fargo – Vogel Law Firm previously represented the Chamber organization on various general matters but no longer has any active, open files. Vogel attorney Tami Norgard is presently the Board Chair of the Chamber organization but has not represented the Chamber organization in a legal capacity. None of the attorneys for Vogel have represented the Chamber organization with respect to any matters involving the Debtor. It is believed that the Chamber organization will be identified as an unsecured creditor.

5. Except as stated herein, to the best of my knowledge, neither Vogel nor any of its shareholders have any connection with the United States Trustee for the District of North Dakota or employees of the United States Trustee, the Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of North Dakota, or any other party in interest or their respective attorneys, except as disclosed or otherwise described herein.

6. Vogel has represented in the past certain of the Debtor's creditors in matters unrelated to the Debtor and this Subchapter V case. None of the representations described herein are materially adverse to the interests of the Debtor's estate. Moreover, pursuant to section 327(c) of the Bankruptcy Code, Vogel is not disqualified from acting as counsel to the Debtor merely because it represents certain of the Debtor's creditors, or other parties in interest in matters wholly unrelated to this Subchapter V case.

7. To the best of my knowledge, Vogel is a disinterested person as that term is defined in 11 U.S.C. § 101(14), as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest adverse to the Debtor with respect to matters upon which it is to be engaged, except as may be disclosed herein. Vogel has received no compensation from any party, with the exception of the retainer as set forth in the Application.

8. The attorneys and paralegals who will provide these services and their hourly rates are as follows: $400 per hour for Caren Stanley and Drew Hushka; $170-180 per hour for paralegals Jill Nona and MaKell Pauling-Normandin, and the normal hourly rate for other attorneys with Vogel. No adjustment to these rates was made for this matter and Vogel makes no adjustment to its fees based on the geographic location of the venue of the matter.

9. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated this 15th day of April, 2024.

/s/ Caren Stanley
Caren Stanley (#06100)
cstanley@vogellaw.com
**VOGEL LAW FIRM**
218 NP Avenue
PO Box 1389
Fargo, ND 58107
Phone: 701-237-6983

Subscribed and sworn to before me this 15th day of April, 2024.

/s/ Jill Nona
Notary Public, Cass County, North Dakota

(SEAL)

5

5380560.2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>The Fargo Brewing Company, LLC<br><br>Debtor. | Case No.: 24-30152<br><br>Chapter 11, Subchapter V |

**NOTICE OF APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT
OF VOGEL LAW FIRM AS COUNSEL FOR
THE DEBTOR-IN-POSSESSION
EFFECTIVE *NUNC PRO TUNC*
TO THE PETITION DATE**

NOTICE IS HEREBY GIVEN that the above referenced Debtor has filed an Application to Employ the Vogel Law Firm and Caren W. Stanley and Drew Hushka as Legal Counsel. A copy of this application is attached and served upon you.

NOTICE IS FURTHER GIVEN that written objections to said application, if any shall be filed with the Clerk of the US Bankruptcy Court, Quentin N. Burdick Courthouse, 655 1st Avenue North, Suite 201, Fargo, North Dakota 58102-4932 within FOURTEEN (14) days from the date of the mailing of this notice. Any objections not filed and served may be deemed waived.

Dated this 15th day of April, 2024.

**VOGEL LAW FIRM**

BY: */s/ Caren W. Stanley*
Caren W. Stanley (#06100)
cstanley@vogellaw.com
Drew J. Hushka (#08230)
dhushka@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
Telephone: 701.237.6983
*PROPOSED ATTORNEYS FOR DEBTOR*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| In Re: | Case No.: 24-30152 |
|---|---|
| The Fargo Brewing Company, LLC, <br><br> Debtor. | Chapter 11, Subchapter V |

CERTIFICATE OF SERVICE

STATE OF NORTH DAKOTA    )
                         )  SS
COUNTY OF CASS           )

Jill M. Nona, being first duly sworn, does depose and say: she is a resident of Fargo, North Dakota, of legal age and not a party to or interested in the above-entitled matter.

On April 15, 2024, affiant caused the following document(s):

**Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Vogel Law Firm as Counsel for the Debtor-in-Possession Effective** *nunc pro tunc* **to the Petition Date with Exhibit A; and**

**Notice of Application for Entry of an Order Authorizing the Retention and Employment of Vogel Law Firm as Counsel for the Debtor-in-Possession Effective** *nunc pro tunc* **to the Petition Date**

to be served by United States postal mail on:

| **Debtor** | The Fargo Brewing Company, LLC <br> ATTN: Jared Hardy | 610 N University Dr #104 <br> Fargo, ND 58102 |
|---|---|---|
| **Attorneys for Debtor** | Caren W. Stanley | cstanley@vogellaw.com |
| | Drew Hushka | dhushka@vogellaw.com |
| **U.S. Trustee** | Office of the U.S. Trustee <br> Region 12 | 300 South Fourth St., Suite 1015 <br> Minneapolis, MN 55415 |
| **U.S. Small Business Administration** | U. S. Small Business Administration | 10737 Gateway West, #300 <br> El Paso, TX 79935 |

| | | |
|---|---|---|
| **Attorneys for U.S. Small Business Administration** | John Baker, District Counsel | SBA Denver Colorado District Office<br>721 19th Street, #426<br>Denver, CO. 80202 |
| | Kent Rockstad | U.S. Attorney's Office<br>655 First Avenue No., Suite 250<br>Fargo, ND 58102-4932 |
| **First Western Bank & Trust** | First Western Bank & Trust | 825 26th Ave East<br>West Fargo, ND 58078 |
| **Attorneys for First Western Bank & Trust** | Richard P. Olson | Olson and Burns, P.C.<br>PO Box 1180<br>Minot, ND 58702-1180 |
| **Remainder of 20 Largest Unsecured Creditors** | Class B Development, LLC | 3155 Bluestem Dr, Unit #204<br>West Fargo, ND 58078 |
| | Jade Presents | 302 N University Dr<br>Fargo, ND 58102 |
| | North Dakota Office of State Tax Commissioners | 600 E Boulevard Ave, Dept 127<br>Bismarck, ND 58505-0552 |
| | Berlin Packaging | PO Box 74007164<br>Chicago, IL 60674-7164 |
| | Elan Financial Services | P.O. Box 6335<br>Fargo, ND 58125-6335 |
| | First Western Bank & Trust | 825 26th Ave. East.<br>West Fargo, ND 58078 |
| | Great Western Malting Co | PO Box 51602<br>Los Angeles, CA 90051-5902 |
| | Northern Plains Label | 16 16th St S.<br>PO Box 9495<br>Fargo, ND 58106-9495 |
| | Country Malt-Mid Country | PO Box 51602<br>Los Angeles, CA 90051-5902 |
| | Indie Hops | 1705 NW Harborside Dr<br>Vancouver, WA 98660 |
| | American Express | PO Box 981535<br>El Paso, TX 79998-1535 |
| | Eide Bailey | 4321 20th Ave. So.<br>Fargo, ND 58103 |
| | Brave Creative Studio | 3732 Burritt St S<br>Fargo, ND 58104 |

2

|  | Heartland Trust Company | 1202 27th St S<br>PO Box 9135<br>Fargo, ND  58106-9135 |
|---|---|---|
|  | West Rock | 4637 16th Ave N<br>Fargo, ND  58102 |
|  | EMC Insurance Companies | PO Box 712<br>Des Moines, IA  50306-0712 |

                                */s/ Jill Nona*
                                Jill Nona

Subscribed and sworn to before me this 15th day of April, 2024.


                                */s/ Sonie Thompson*
(SEAL)                        Notary Public, Cass County, North Dakota

5396327.3

3