UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

| | |
|---|---|
| The Fargo Brewing Company, LLC | Bankr. No. 24-30152 |
| Debtor. | Chapter 11 |

### Objections to Motions

COMES NOW the Acting United States Trustee (UST) through the undersigned attorney and submits objections to several of the first day motions filed by the Debtor. In support of the objections, the UST states the following:

1. An expedited hearing has been scheduled in this matter on April 18, 2024, at 3:00 p.m.

2. The motions were filed on Monday, April 15, 2024, which gives the parties a limited period to respond by the Wednesday, April 17, 2024, deadline. For that reason, the US Trustee has filed an omnibus objection. Overall, the UST has no objection to the type of relief requested in each motion but believes that the record at this time does not support granting the relief for several of the motions or that the relief requested is overly broad.

### Motion to Pay and Honor Prepetition Wages (Doc. No. 2).

3. The UST has no objection to paying prepetition wages and honoring the employee benefits. The Motion should identify any insiders receiving wages and the amount of those wages. Of greater concern is the inclusion of worker's compensation plan payments ($268.56) and of retirement plan payments to Heartland Trust Company

($3,100). The motion expressly requests that the payments not be deemed as the assumption of contracts; however, neither of these payees are entitled to priority under 11 U.S.C. § 507. The underlying justification of paying employee wages is because the amounts would be entitled to priority under Section 507. The motion does not demonstrate that the arrears for the worker's compensation insurance and Heartland Trust are entitled to priority. The worker's compensation amount is de minius and may fall within the 20-day billing session allowed under Section 503(b)(9). However, the Heartland Trust payment appears to be arrears for two years. If the Debtor assumes the underlying contracts, the outstanding balances may be cured; however, the payments are inappropriate for interim payment of wages claims and the motion expressly states that the payments are not deemed an assumption of contracts.

**Motion Authorizing Use of Cash Collateral (Doc. No. 3).**

4. The United States Trustee does not object to the use of cash collateral. Fed. R. Bankr. P. 4001(b)(2) limits interim relief to only that amount necessary to avoid immediate and irreparable harm. The motion and Declaration of Jaren Hardy do not set forth what interim expenses are required to be paid to avoid "immediate and irreparable harm." For example, in the budget, $1,000 has been allocated to "Legal Services" during the interim period. The Motion should provide a firm amount of what is needed through the final hearing to avoid immediate and irreparable harm. While not necessary to resolve at the interim hearing, the Motion should also state a duration for the use of cash collateral, as per Rule 4001(b)(1)(B)(iii).

**Motion for Leave to Pay Critical Vendors (Doc. 4).**

5. The Motion is seeking pre-approval to pay critical vendors in the event the vendor threatens to withdraw services. This standard falls short of the elements that must be met under a critical vendor doctrine. *In re Kmart Corp.*, 359 F.3d 866 (7th Cir. 2004), which is the first circuit decision to approve a critical vendor payment[1], requires that a bankruptcy court to find: (1) Disfavored creditors will be as well off with reorganization as with liquidation; and (2) Critical vendors would have ceased deliveries if pre-petition debts were left unpaid. The Motion does not demonstrate that the critical vendors have threatened to cease deliveries if the outstanding balances are not paid.

6. In the alternative, the UST has no objection to the payments if all of the amounts due fall within the 20-day period under 11 U.S.C. § 509(b)(9). The Motion is inconclusive on this issue.

**Motion Authorizing the Maintenance of Bank Accounts (Doc. 6).**

7. The UST does not object to maintaining the existing bank account and waiving the UST's guidelines to close existing accounts, open new accounts and make all payments by check. The UST does object to any request that violates Section 345(b) and

---

[1] After *In re Ionosphere Clubs, Inc.,* 98 B.R. 174 (Bankr. S.D.N.Y. 1989) was decided, the circuit courts rejected the more lenient "necessity of payment" rule (as the relief was then termed) including: *Official Comm. of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir. 1987), *cert. denied*, 485 U.S. 962, 108 S. Ct. 1228, 99 L. Ed. 2d 428 (1988); *In Chiasson v. J. Louis Matherne & Assocs. (In re Oxford Management)*, 4 F.3d 1329, 1334 (5th Cir. 1993); *Crowe & Assocs, Inc. v. Bricklayers and Masons Union Local No. 2 (In re Crowe & Assocs., Inc.),* 713 F.2d 211, 216 (6th Cir. 1983); *B & W Enters., Inc. v. Goodman Oil Co. (In re B & W Enters., Inc*, 713 F.2d 534, 537 (9th Cir. 1983); *see also Southern Ry. Co. v. Johnson Bronze Co.*, 758 F.2d 137, 141 (3d Cir. 1985) ("[S]ection 105(a) does not authorize the bankruptcy court to create rights not otherwise available under applicable law.... The court may not by granting a priority which it deems equitable set aside the clear congressional mandate that no such priority shall be accorded."(quotations and citation omitted)). The recharacterization of the rule as the "critical vendors" doctrine and the stricter *Kmart* decision requiring a showing that the vendor will actually cut off services preserved the ability of the Courts to authorize the payments outside the priority rules of Section 507 and proof of claim allowance requirements of Rule 3021.

Rule 3017.  Bell Bank is presently an authorized depository under Section 345(b), and therefore, the request for a waiver of the Section 345 guidelines appears unnecessary unless Bell Bank withdraws its previous consent to act as an authorized depository and collateralize any balance in excess of the FDIC amounts.

8.      While the UST does not object to the use of the existing check stock, the requirement that the check be designated "Debtor in Possession" is to comply with Rule 2015(a)(4).  The UST requests that the Court direct the Debtor to use the "Debtor in Possession" designation.  The UST also requests that the Debtor create a gap in the existing check numbering sequence to create a gap between pre- and post-petition checks to ensure that the Debtor has stopped payment on any outstanding pre-petition checks that are not authorize to be paid post-petition by this Court.

**Motion Authorizing Maintenance of Customer Programs (Doc. 7).**

9.      The UST has no objection to this motion.

WHEREFORE, the UST requests that her concerns raised herein be address or the Cour overrule the motions as appropriate.

Dated: April 17, 2024                            MARY R. JENSEN
                                                 ACTING U.S. TRUSTEE REGION 12

                                                  /s/ Sarah J. Wencil
                                                 Sarah J. Wencil
                                                 Office of the U.S. Trustee
                                                 Suite 1015 U.S. Courthouse
                                                 300 South Fourth St.
                                                 Minneapolis, MN 55415
                                                 Telephone: (612) 334-1366
                                                 Sarah.J.Wencil@usdoj.gov

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

In re:

| | |
|---|---|
| The Fargo Brewing Company, LLC | Bankr. No. 24-30152 |
| **Debtor.** | Chapter 11 |

## CERTIFICATE OF SERVICE

Sarah J. Wencil, an employee of the U.S. Trustee office, hereby certifies the filing of this document caused service via CM/ECF upon all CM/ECF recipients.

Dated: April 17, 2024

/s/ Sarah J. Wencil
Sarah J. Wencil