UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

| | |
|---|---|
| The Fargo Brewing Company, LLC | Bankr. No. 24-30152 |
| Debtor. | Chapter 11 |

**OBJECTION TO APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF VOGEL LAW FIRM AS COUNSEL FOR THE DEBTOR DEBTOR-IN-POSSESSION (Doc. 14)**

The United States Trustee (UST) objects to the application for approval of employment Vogel Law Firm under 11 U.S.C. § 327(a). In support of her objection, she states the following:

1. The UST has standing to object under 11 U.S.C. § 307 and 28 U.S.C. § 586.

2. A member of the applicant is disinterested under 11 U.S.C. § 327(a), and the issue before the Court is whether the conflict should be imputed to the entire law firm.

3. The application at paragraph 19 asserts that Vogel is "disinterested" within the meaning of section 101(14) of the Bankruptcy Code.

4. The affidavit attached to the application states at paragraph 4(a) that a former partner (Steven Johnson) who retains "of counsel" status to the firm has been a member of the Debtor's Board of Directors since June 3, 2023.

5. Section 327(a) requires a professional person to be "disinterested".

6. The definition of "disinterested" under Section 101(14)(B) includes a person that "is not and was not, within 2 years before the date of the filing of the petition a director, officer or employee of the debtor."

7. Steven Johnson is not disinterested under Section 101(14).

8. Present or former directors of debtors are not disinterested because the debtor-in-possession bears a fiduciary duty to the debtor's creditors. *See Wolf v. Weinstein*, 372 U.S. 633, 649 (1963) ("[S]o long as the Debtor remains in possession, it is clear that the corporation bears essentially the same fiduciary obligation to the creditors as does the trustee for the Debtor out of possession"); *In re McConville*, 110 F.3d 47, 49 (9th Cir. 1997). The appointed attorney has a similar duty. *See In re Park-Helena Corp.*, 63 F.3d 877, 880 (9th Cir. 1995) ("[A]ttorneys who represent the debtor [must] do so in the best interests of the bankruptcy estate"); *In re Interwest Bus. Equip., Inc.*, 23 F.3d 311, 317 (10th Cir. 1994) (describing the professional's duty "to independently serve the trustee"). After all, the true client of counsel to the debtor-in-possession is not the debtor itself, but the bankruptcy estate. *See In re Perez*, 30 F.3d 1209, 1219 (9th Cir. 1994). Congress has determined that only counsel completely free of "interest" can be relied upon to fulfill these fiduciary obligations. *See Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir. 1994) (explaining that the disinterestedness requirements "serve the important policy of ensuring that all professionals tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities"). Further, the duty of alliance to the equity members by a member of a board of directors raises the issue of whether the "person" holds an interest "materially adverse to the interest of the estate or of any class of creditors…by reason of any direct or indicted relationship to, connection with, or interest in, the debtor, or for any other reason" under Section 101(14)(C). *See also In re Classic Roadsters, Ltd.,* 150 B.R. 751, 753 (Bankr. N.D. 1993) (noting that firm that acted as escrow agent between debtor and a former client created fiduciary duty to both the debtor and the client, and therefore, could not represent the estate with the "undivided allegiance that is required of an advocate of the estate").

9. In interpreting Section 101(14)(A), the Eighth Circuit Court of Appeals has held that

the statue should be interpreted strictly, even if an actual conflict does not exist:

> [T]he intent of the statue is clear; if a professional is a creditor, then that person is not disinterested under 11 U.S.C. § 101[14] and is subject to disqualification under Section 327(a). As this court recently noted, the professional's complaint in this area lies with Congress, not the courts. *In re Daig Corp.*, 799 F.2d 1251, 1253 n. 5 (8th Cir. 1986), *aff'g,* 48 B.R. 121 (Bankr. D. Minn 1985).

*In re Pierce*, 809 F.2d 1356, 1362-63 (8th Cir.1987); *In re Classic Roadsters, Ltd.,* 150 B.R. 751, 752 (Bankr. N.D. 1993).

10. Whether a conflict arising under Section 101(14)(B) should be imputed to the entire law firm is a split issue across bankruptcy courts. The case of *In re Essential Therapeutics, Inc*. set forth the governing split of authorities:

> There is a split of authority on this point. The Debtors rely upon several cases for the proposition that disqualification of an individual who had served as an officer does not disqualify the entire firm. *See, e.g., In re S.S. Retail Stores Corp.,* 211 B.R. 699 (9th Cir. BAP 1997)(attorney had served as assistant secretary to debtor), *appeal dismissed,* 162 F.3d 1230 (9th Cir.1998); *In re Keravision, Inc.,* 273 B.R. 614 N.D. Cal. 2002) (partner served as secretary to the debtor); *In re Capen Wholesale, Inc.,* 184 B.R. 547 (N.D.Ill.1995)(assistant secretary); *In re Timber Creek, Inc.,* 187 B.R. 240 (Bankr.W.D.Tenn.1995) (partner was director of debtor and a director and shareholder of debtor's parent); *In re Creative Restaurant Mgmt., Inc.,* 139 B.R. 902 (Bankr.W.D.Mo.1992)(assistant secretary). The Debtors also rely on an Order entered by Judge Newsome in *In re Tokheim Corporation,* Case No. 02–13437 (D. Del. March 31, 2003)(two members of firm were directors).
>
> The cases cited by the Debtors refuse to impute one partner's disqualification under section 101(14)(D) on the firm on two bases. First, the Courts found no express language in the Bankruptcy Code which states that the disqualification of one person mandates the disqualification of his or her firm. One court did, however, consider whether, by virtue of the individual's actions, the firm held a materially adverse interest to the debtor which would be an independent basis for disqualification under section 101(14)(E). *Capen,* 184 B.R. at 551.
>
> Second, while the applicable state or Model Code of Professional Conduct might impute the disqualification of an individual to the law firm, it does so only in circumstances where the individual had an actual conflict of

> interest. *See, e.g.,* Rules 1.10(a), 1.7, 1.8(c) and 1.9 of the Model Rules of Professional Conduct.
>
> The UST relies on cases to the contrary, which hold that a finding that one partner of a law firm is disqualified mandates that the entire firm be disqualified. *See, e.g., In re Philadelphia Athletic Club, Inc.,* 20 B.R. 328, 338 n. 11 (E.D.Pa.1982)(when an attorney is required to withdraw as counsel to trustee, his firm cannot continue to be employed by trustee); *In re Vebeliunas,* 231 B.R. 181, 196 (Bankr.S.D.N.Y.1999) (any interest held by one attorney is imputed to the rest of the attorneys in a firm), *appeal dismissed,* 246 B.R. 172 (S.D.N.Y.2000); *In re Envirodyne Indus., Inc.,* 150 B.R. 1008, 1017 (Bankr.N.D.Ill.1993)(if one attorney in firm is disqualified from representing debtor, the entire firm is disqualified); *In re Tinley Plaza Assoc., L.P.,* 142 B.R. 272, 277 (Bankr.N.D.Ill.1992)(all members of firm disqualified even if "interested" attorney is merely "of counsel"); *Stanley v. Krogstad* (*In re Petro–Serve, Ltd.*), 97 B.R. 856, 861 (Bankr.S.D.Miss.1989)(each member of affiliated "group" of attorneys had a sufficient relationship with the others to warrant the group's disqualification because one member was not disinterested); *In re SIS Corp.,* 97 B.R. 361 (Bankr.N.D.Ohio 1989)(same); *In re Wells Benrus Corp.,* 48 B.R. 196, 198 (Bankr.D.Conn.1985) (disqualification of attorney who served as officer of debtor causes firm to be disqualified); *In re Davenport Communications L.P.,* 109 B.R. 362, 367 (Bankr.S.D.Iowa 1990)(confidences learned by one attorney in representing debtor were imputed to entire firm which was therefore disqualified from representation of creditors' committee); *In re Michigan Interstate Ry. Co.,* 32 B.R. 327, 330 (Bankr.E.D.Mich.1983)(firm disqualified from representing trustee when its special partner was both officer and shareholder of debtor).

*In re Essential Therapeutics, Inc.*, 295 B.R. 203, 208-09 (Bankr. D. Del. 2003)(finding that the conflict – whether actual or not – was imputed across the entire law firm). *See also In re Cygnus Oil and Gas Corp.*, 2007 WL 1580111 (Bankr. S.D. Tex. 2007)(rejecting the per se rule in *Essential Therapeutics* and declining to impute a conflict to the firm);  *In re Young Mens Christian Assoc.,* 570 B.R. 64 (Bankr. W.D. Mich 2017) (finding no per se imputation of a conflict of interest*);   In re Nilhand Developers, LLC*, 2021 WL 1539354)(finding that a potential conflict did not disqualify an entire firm but reducing fees for failing to disclose the conflict).

11. Several of the cases look to state ethics rules to determine whether to impute a conflict against the firm. The North Dakota Rules of Professional Conduct addresses imputing disqualification at Rule 1.10, which provides in relevant part:

> **(a)** Lawyers associated in a firm may not knowingly represent a client when any one of them practicing alone would be prohibited from doing so by these rules, except as provided by Rule 1.11, 1.12, 1.18, or 6.5, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm. For purposes of this paragraph, a personal interest disqualification is one created by a lawyer's interests other than those arising from the representation of other clients or the owing of fiduciary duties to some third party.

12. The North Dakota Rules of Professional Conduct would not allow the firm to represent a client where a lawyer "associated" with the firm is prohibited from doing so. Of consideration is the extent of the "of counsel" relationship between Mr. Johnson and the Vogel Law Firm. "What 'of counsel' means depends on the facts of each and every case because unlike a 'partner' or an 'associate,' the relationship between a law firm and an attorney who is 'of counsel' depends on the agreement between the two." *In re Tinely Plaza Assocs., L.P.*, 142 B.R. 272, 279 (Bankr. N.D. Ill. 1992). Based on the affidavit to the motion, Mr. Johnson continues to represent clients of the firm that he represented while fully employed by the firm, and therefore, based on the information known, continues his association with the firm.

13. The UST asserts that based on the information known at this time; the Vogel Firm is not disinterested under Section 327(a).

WHEREFORE, the UST requests that the Court grant his objection here and grant such other relief as it deems necessary.

Dated: April 26, 2024

MARY R. JENSEN
UNITED STATES TRUSTEE
Region 12

BY: /s/ Sarah J. Wencil
    Sarah J. Wencil
    Trial Attorney
    Office of the United States Trustee
    Suite 1015 U.S. Courthouse
    300 South Fourth Street
    Minneapolis, MN 55415
    (612) 334-1350
    Sarah.J.Wencil@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

| | |
|---|---|
| **The Fargo Brewing Company, LLC** | **Bankr. No. 24-30152** |
| **Debtor.** | **Chapter 11** |

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the Objection was electronically transmitted by CM/ECF.

Dated:   April 26, 2024

/s/ Sarah J. Wencil
Sarah J. Wencil